**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MIGUEL ANGEL GUEVARA ARGUETA,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Respondents. | Civil Action No. 26-2817 (ZNQ)<br><br>**MEMORANDUM OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Miguel Anel Guevara Argueta's habeas petition challenging his ongoing immigration detention. (ECF No. 1.) Following an order to answer, the Government filed responses to the petition, (*see* ECF Nos. 7, 10, 12, 16-17), to which Petitioner has replied. (ECF Nos. 8-9, 13-15, 18-19.) Also before the Court is Petitioner's motion seeking a temporary restraining order. (ECF No. 2.) For the following reasons, Petitioner's habeas petition shall be granted, Petitioner shall be released, and Petitioner's motion shall be denied without prejudice as moot.

Petitioner is a native and citizen of El Salvador who was encountered by U.S. Border Patrol while in the process of crossing the southern U.S. border without admission or inspection in July 2012. (ECF No. 7-3 at 1-2.) Petitioner was processed for expedited removal, but expressed a credible fear of persecution if returned home, and was ultimately released on his own recognizance on September 11, 2012, pending further hearings on his credible fear of removal. (*Id.* at 2.) Petitioner failed to appear for immigration proceedings, however, and was ordered removed in

absentia on December 11, 2013. (*Id.*) That order thereafter became final while Petitioner remained at large in the United States. (*Id.*)

On March 17, 2026, Petitioner was taken into custody pursuant to his final removal order during a targeted enforcement operation. (*Id.*) He was thereafter held without bond, initially pursuant to 8 U.S.C. § 1231(a) in light of his then final removal order. (*Id.*) On April 14, 2026, however, an immigration judge reopened Petitioner's removal proceedings and voided his removal order pending further removal proceedings. (ECF No. 10 at 1.) The Government thereafter continued to detain Petitioner without bond, purportedly pursuant to 8 U.S.C. § 1225(a)(1), in light of Petitioner's initial detention at the border. (*Id.* at 1-2.) Although Petitioner's removal proceedings were briefly terminated in June 2026, they were thereafter reinstated and remain pending at this time. (*See* ECF No. 17 at 1.)

In this matter, although Petitioner was initially lawfully detained without bond pursuant to 8 U.S.C. § 1231(a) in light of his then final removal order, Petitioner reverted to pre-final order detention when his removal order was reopened and Petitioner was placed in full removal proceedings. The Government contains that he may lawfully be detained without bond under 8 U.S.C. § 1225(b)(1) because he was detained at or near the border shortly after crossing without admission or inspection. Although aliens who are taken into custody at or near the border shortly after crossing may be detained without bond under § 1225(b)(1) while subject to expedited removal proceedings and may be returned to such detention after being paroled from custody, *see, e.g., Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016); *Arcos Tasigchana v. Soto*, No. 25-18252, 2026 WL 266170, at *2 (D.N.J. February 2, 2026), the authority to detain aliens without bond under the statute ceases to apply when an alien is released from custody outright, which the statute does not permit in the absence of parole. *See Salas v. Soto,* No.

25-17339, 2026 WL 485712, at *3 (D.N.J. Feb. 21, 2026). Where such an outright release occurs, an alien may not be detained without bond under § 1225(b)(1), and would only be subject to detention under 8 U.S.C. § 1226(a) under which they would be entitled to a prompt bond hearing upon request. *Id.*

In this matter, Petitioner was released from detention on his own recognizance pursuant to 8 U.S.C. § 1226(a) in September 2012. (ECF No. 7-4.) Because Petitioner was not paroled from custody but was instead released outright pursuant to § 1226(a), he may not be detained without bond under § 1225(b)(1) now that his final removal order has been vacated and reopened. *Salas*, 2026 WL 485712, at *3. Petitioner's continued detention without bond under § 1225(b)(1) is therefore unlawful, and Petitioner's habeas petition must therefore be granted.

Turning to the question of the appropriate relief, the Government would almost certainly prefer if the Court provide Petitioner with only the bond hearing he would have received following the reopening of his removal order in April 2026 had he been properly categorized as subject to detention under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility, during the five months since his removal order was rescinded and his removal order was reinstated.

As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules. This is especially so in light of the Government's . . . continued employment of an oft rejected legal position. *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026); *see also Buele Morocho v. Warden Philadelphia FDC*, --- F.4th ---, ---, 2026 WL 2546223, at *2-10 (3d Cir. 2026) (upholding release of alien who was taken into custody under an inapplicable statute that did not provide for bond hearings).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately. Petitioner's motion seeking a temporary restraining order (ECF No. 2) shall be denied as moot in light of the granting of his petition. An order consistent with this Memorandum Opinion will be entered.

Date: September 9, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**